UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16-CR-00052-1-JRG-CRW |
| | ) | |
| BRADLEY JOE GROOMS | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Bradley Joe Grooms' letter [Doc. 81] and the United States' Response in Opposition [Doc. 83]. A federal inmate, Mr. Grooms moves the Court to order his release from prison and to allow him to serve the remainder of his sentence at his mother's house so he can contribute to his family's financial needs:

> The reasons I need [release to home confinement] is because I got two kids and their mother works in Gatlinburg cleaning rooms and with the virus having the tourist staying away they haven't been able to work and my mother has been helping as much as possible but she works in Pigeon Forge so she hasn't been working either but they are really struggling out there right now[.]

[Def.'s Mot. at 1]. The United States opposes Mr. Grooms' motion, contending that he has "identified no statutory authority" for the relief that he requests. [United States' Resp. at 2].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although Mr. Grooms cites no statutory support for his request for release, it most closely resembles a motion for release under 18 U.S.C § 3582(c), under which familial hardship can constitute grounds for compassionate release. *See* USSG § 1B1.13 n.1(C)(i)–(ii). Under § 3582(c), however, the Court can modify a term of imprisonment only once a defendant

exhausts his administrative remedies with the Bureau of Prisons or thirty days after submitting a request for release to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A). Mr. Grooms does not claim, or provide the Court with any documentation showing, that he has met § 3582(c)'s exhaustion requirement, which is mandatory. *See United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020) (stating that § 3582(c)(1)(A)'s exhaustion requirement is mandatory and that courts lack license to create a judge-made or an equitable exception to it). His failure to satisfy § 3582(c)(1)(A)'s exhaustion requirement is therefore, by itself, grounds for the denial of his request for release.

But in any case, his request also lacks merit. Under § 3582(c)(1)(A), the Court's task is to determine whether (1) "extraordinary and compelling reasons" warrant a reduction and whether (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). "[C]ourts have universally turned to USSG § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. Coker*, No. 3:14- CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020); *see United States v. Resnick*, ___ F. Supp. 3d ___, 2020 WL 1651508, at *2 (S.D.N.Y. Apr. 2, 2020) ("The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(l)(A) and Section 1B1.13 of the United States Sentencing Guidelines.").

Familial hardship constitutes an extraordinary and compelling reason for release in two circumstances: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." USSG § 1B1.13 n.1(C)(i)–(ii). Mr. Groom's request for release, as he describes it, does not fit within either one of these circumstances. *See generally United States v. Hunter*, No. 3:06-cr-61, 2020 WL 127711, at *3 (S.D. Ohio Jan. 10, 2020) ("While the Court empathizes with [the defendant's] . . . difficult position . . . family circumstances that constitute 'extraordinary and compelling reasons' do include those presented." (citation omitted)). The Court sympathizes with Mr. Grooms' situation, but he is not entitled to release under § 3582(c)(1)(A), and his motion [Doc. 81] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE