UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16-CR-00052-1-JRG-CRW |
| | ) | |
| BRADLEY JOE GROOMS | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Bradley Joe Grooms' letter [Doc. 87], which the Court construes as a motion for compassionate release, and the United States' Response in Opposition [Doc. 89]. Acting pro se, Mr. Grooms moves the Court to order his release from prison "under the cares act 18 U.S.C. § 3582(c)(1)(A)" and to allow him to serve the remainder of his sentence at his mother's house, citing the COVID-19 pandemic. [Def.'s Mot. at 1].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although § 3582(c)(1)(A) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1)(A) so that courts can consider motions for compassionate release once a defendant either exhausts his administrative remedies with the Bureau of Prisons or waits thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A). The United States argues that Mr. Grooms has not shown that he has properly petitioned the warden of his facility for compassionate release, and the Court agrees.

A few months ago, Mr. Grooms did in fact petition the warden for compassionate release but did so "based on the CARES Act," not based on § 3582(c)(1)(A). [Warden's Denial, Doc 87-1, at 1]. The Court has no authority to order Mr. Grooms' release under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *2 (E.D. Tenn. Apr. 15, 2020); *see United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1118 (D. Kan. 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision." (citing *United States v. Engleson*, No. 13-CR-340-3(RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020))).

Because Mr. Grooms has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement, the Court is unable to consider his motion for compassionate release as this time. *See United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020) (concluding that § 3582(c)(1)(A)'s exhaustion requirement is mandatory and that courts lack license to create a judge-made or an equitable exception to it). Mr. Grooms' motion [Doc. 87] is therefore **DENIED without prejudice**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE